## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Special Agent Maite M. Rentas, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

I am a Special Agent with Homeland Security Investigations and have been since February 2025. I am currently assigned to the Immigration Crimes Group in San Juan, Puerto Rico. Prior to my appointment as a Homeland Security Investigations Special Agent, I was assigned in 2023 as a Special Agent with the United States Secret Service, San Juan Resident Office. During my tenure with the United States Secret Service, I assisted other Special Agents in investigating allegations of criminal fraud involving the financial infrastructure of the United States of America such as wire fraud, identity theft, bank fraud, money laundering, credit card fraud, and COVID relief funds fraud, among other crimes.

As a Homeland Security Investigations Special Agent, I have received formal and on the job training and I am authorized to investigate violations of laws of the United States and to execute and serve any order, subpoena, summons, warrant, or other process issued under the authority of the United States. I am familiar with the statutes of the United States Code, and as a federal law enforcement officer, I have participated in investigations, surveillance, interviews, interrogations, arrests, searches, seizures, administration of oaths, and in taking and considering evidence concerning the privilege of any person to enter, reenter, pass through, or reside in the United States. Based on my law enforcement experience detailed herein, as well as my training, and experience of other law enforcement officers who are participating in this investigation, serve as the basis for the conclusion set forth herein.

This affidavit is intended to show merely that there is sufficient probable cause for the requested criminal complaint and does not set forth all of my knowledge about this matter. I make this affidavit based on my own personal knowledge and on oral and written reports by other federal, state,

1

and/or local law enforcement agents and officers that investigated this matter. This affidavit does not contain all the information derived from this investigation only that which is sufficient to demonstrate probable cause to believe that a crime has been committed.

Based on my training and experience and the facts set forth in this affidavit, there is probable cause to believe that violations of 8 U.S.C. § 1326(a) & (b)(1) – *Ilegal Reentry of removed alien after a felony conviction* has been committed by Roberto ZORILLA-Caminero ("ZORILLA-Caminero").

## **PROBABLE CAUSE**

1. On October 15, 2025, ZORILLA-Caminero was encountered while attempting to enter his vehicle located at Calle Bartolome de las Casas #426, Villa Palmeras, PR 00915.

2. HSI SAs requested an identification, which ZORILLA-Caminero provided and performed an immigration examination on ZORILLA-Caminero. As a result, it was determined that ZORILLA-Caminero is a national and citizen of the Dominican Republic who illegally reentered the United States after he was last removed on July 7, 2020.

3. Subsequently, HSI Sas conducted an immigration inspection on ZORILLA-Caminero to determine his admissibility and it was determined that ZORILLA-Caminero was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document, and a valid unexpired passport, or other suitable document, or document of identity and nationality to enter, pass through, or remain in the United States. HSI SAs determined that ZORILLA-Caminero is inadmissible to the United States, and SAs arrested and transported ZORILLA-Caminero to the U.S. Immigration and Customs Enforcement office, Enforcement and Removal Operations in Guaynabo, Puerto Rico, for further processing.

4. Record checks indicate that on March 13, 2024, ZORILLA-Caminero was issued a Puerto Rico driver's license, bearing number 7338720 and expiration date of 03/13/2024. Department of Transportation records shows that ZORILLA-Caminero identified himself as national and citizen of the Dominican Republic (DR) and produced DR passport # PR0614788.

5. Immigration record checks revealed that ZORILLA-Caminero was admitted to the United States at Newark, New Jersey on or about April 23, 1993, as a Lawful Permanent Resident.

6. Further immigration records checks revealed the following:

    a. On or about April 8, 2002, the Immigration and Naturalization Service (INS) formally issued ZORILLA-Caminero a Notice to Appear, initiating removal proceedings against him in accordance with immigration laws and regulations.

    b. On or about September 16, 2003, following the conclusion of removal proceedings, an immigration judge issued a final order of removal for ZORILLA-Caminero, thereby mandating his deportation from the United States.

    c. On October 6, 2015, the final order of removal previously issued by the Immigration Judge was executed, and ZORILLA-Caminero was officially removed from the United States. The removal was executed through New Orleans, Louisiana (LA), in accordance with Federal immigration enforcement procedures.

    d. On or about January 7, 2019, at approximately 5:51 p.m., ZORILLA-Caminero was encountered aboard a vessel transporting thirty-five (35) undocumented individuals. During the encounter, four packages were recovered from the vessel, which were subsequently tested and confirmed to contain heroin. ZORILLA-Caminero was processed for an Expedited Removal and charged with 8 USC § 1326.

3

    b. On or about July 7, 2020, ZORILLA-Caminero was removed from the United States in accordance with federal immigration procedures. The removal was executed through Alexandria, Louisiana (LA).

8.   ZORILLA-Caminero criminal records showed the following:

    a. On July 7, 2008, ZORILLA-Caminero was apprehended by law enforcement authorities in Houston, Texas, and subsequently charged with possession of a controlled substance, specifically cocaine, in violation of applicable state laws.

    b. On August 19, 2013, ZORILLA-Caminero was arrested by law enforcement authorities in Bronx, New York, on charges of Money Laundering and Possession of a Controlled Substance. Following legal proceedings, ZORILLA-Caminero was convicted and sentenced to a term of five years' imprisonment.

[Intentionally left in blank]

## CONCLUSION

9.      Based on the forgoing, and based upon my training, experience and participation in this and other investigations, I believe that sufficient probable cause exists to demonstrate that ZORILLA-Caminero reentered the United States after being removed resulting in violations to 8 U.S.C. §1326 (a) & (b)(1) – *Reentry of removed alien after a felony conviction.*

Respectfully submitted,

MAITE M RENTAS RAMOS
Digitally signed by MAITE M RENTAS RAMOS
Date: 2025.10.17 16:01:40 -04'00'

Maite M. Rentas Ramos
Special Agent
Homeland Security Investigations

Sworn by telephone pursuant to the requirements of Federal Rules Procedures 4.1 on this 17th day of October 2025, at 7:17 PM in San Juan, PR

Hon. Marcos E. López
United States Magistrate Judge

5